### GEORGE B. FERRIS *vs.* CHAUNCEY KILMER.

Where one permits himself to be held out as the principal in a business carried on in his name by another, the fact that he has no interest in the business, but the same is conducted by and for the benefit of such other person, will not relieve him from liability to all who deal with the person conducting the business, in ignorance of the actual relation of the parties to each other.

As to those who are aware of the manner in which the business is conducted, the presumption is that if they furnish goods on the order of the person in charge of the business, and deliver the same at the store where the same is carried on, credit is exclusively given to the person in charge; unless a different intention was manifested at the time.

THIS is an action brought by the plaintiff against the defendant to recover the sum of $610.13, with interest from August 28th, 1857, for a quantity of butter, claimed to have been sold by Marcus Witherell, the assignor of the plaintiff, to the defendant, on the 17th day of August, 1857. The claim was assigned to the plaintiff on the 11th day of September, 1857, and the assignment was made for a valuable consideration. The action was referred to a referee, who after hearing the evidence, found the following facts, viz : That from May 1st, 1857, until after August 27th, 1857, Harvey Kilmer carried on the business of buying and selling produce in the city of New York, under the name and style of C. Kilmer. That the business name, "C. Kilmer," represented the name of the defendant, Chauncey Kilmer, and was used by Harvey Kilmer as a cover, he being unable, on account of indebtedness, to do business in his own name. That Chauncey Kilmer was a brother of Harvey Kilmer, and a manufacturer of paper, carrying on business in Saratoga county, and allowed Harvey Kilmer to use his name in said produce business, but said Chauncey had no participation nor interest in said business, nor in its capital, purchases, sales, or profits. That during the said period, Marcus Witherell, a produce merchant in the city of New York, knew the above-mentioned facts, and with such knowledge, on three or four occasions previous to the sale of the butter

mentioned in the complaint, sold butter on the order of said Harvey Kilmer, and delivered the same to him at the store, where he was doing business under the name of " C. Kilmer," and rendered bills to him for said butter, made out against Chauncey Kilmer, which were paid by said Harvey Kilmer. That on the 27th day of August, 1857, said Marcus Witherell, with the same knowledge of the facts above mentioned, and under the same circumstances as those stated in reference to the previous sales, sold the lot of butter mentioned in the complaint, amounting in value to six hundred and ten dollars and thirty-three cents, and delivered the same with an account for the same in all respects as above stated, except that such bill has not been paid. That on the 11th day of September, 1857, the said Marcus Witherell assigned the said account to the plaintiff in this action.

The referée found, as conclusions of law from the foregoing facts, that the said sale of butter on the 27th day of August, 1857, was not made to the defendant, and that he was not responsible therefor. Also, that the defendant was entitled to judgment against the plaintiff, and that the complaint be dismissed, with costs.

From the judgment entered upon this report, the plaintiff appealed.

*W. B. Ackley,* for the appellant.

*Capron & Lake,* for the defendant.

*By the Court,* MULLIN, J.   The question in this case is, to whom was the credit given, on the purchase of the butter for the price of which this action is brought.   The defendant permitted himself to be held out as the principal in the business carried on in the store at which the butter was delivered.   Although the business was carried on in the defendant's name, he had no interest in it, but it was conducted for the benefit of his brother, Harvey Kilmer.   This

fact does not relieve the defendant from liability to all those who dealt with the store in ignorance of the actual relation of the defendant and his brother. As to those who were aware of the manner in which the business was conducted, the presumption would be that credit was exclusively given to Harvey, unless a different intention was manifested, at the time.

The referee has not found that credit was given exclusively to Harvey, but such is to be taken to be the intention of the referee; and thus construing the report, I am in favor of affirming the judgment.

Judgment affirmed.

[New York General Term, November 5, 1866. *Ingraham, Clerke* and *Mullin*, Justices.]